UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAUSTINO DIAZ-DE LA CRUZ,

Petitioner,

v.

BRUCE SCOTT, MARKWAYNE MULLIN,

Respondents.

CASE NO. C26-4059-BAT

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**

In this 28 U.S.C. § 2241 habeas action, petitioner Faustino Diaz-De La Cruz moves for a temporary restraining order enjoining his transfer outside the district or removal from the United States. Dkt. 15. For the following reasons, petitioner's motion for a TRO (Dkt. 15) is **GRANTED**:

Petitioner is a citizen and national of Mexico. He was arrested by immigration authorities in August 2026 and is currently detained at the Northwest ICE Processing Center. On October 1, 2026, an Immigration Judge held a custody redetermination hearing and denied bond, finding that petitioner was a flight risk. Petitioner filed the instant habeas action arguing that his continued detention violates due process because the Immigration Judge's decision denying him bond was arbitrary and capricious. Dkt. 1.

On November 10, 2026, the government filed a notice of intent to transfer petitioner outside this District and remove petitioner from the United States within 48 hours. Dkt. 13. The Court issued an order setting a timeline for any motion requesting the Court enjoin transfer or removal and prohibiting respondents from transferring or removing petitioner until resolution of any such motion. Dkt. 14. Petitioner subsequently filed the instant motion for TRO, seeking to maintain the status quo pending resolution of his habeas petition. Dkt. 15.

A party seeking preliminary injunctive relief must establish “[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.” *Winter*, 555 U.S. at 20. “[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied.” *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted). “[W]hen the Government is the opposing party,” the final two factors “merge.” *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Petitioner argues that (1) he is likely to succeed on the merits of his petition, as this Court has granted relief in numerous habeas petitions alleging similar claims, (2) he will suffer irreparable harm absent a TRO, as ICE has notified petitioner that it possess a travel document and expects to remove him during November 2026 and respondents have notified the Court that they intend to transfer petitioner outside this district and remove him from the United States, (3) the balance of equities favor petitioner as petitioner faces transfer and removal while his habeas action remains pending, whereas respondents will suffer little if any harm from maintaining the

status quo while the Court adjudicates petitioner's claims, and (4) a TRO is in the public interest as it would simply maintain the status quo while the Court considers whether petitioner's detention is lawful. Dkt. 15 at 3-7.

Respondents oppose the motion, asserting that petitioner is subject to an order of removal that became final on November 7, 2026, that he is therefore currently subject to mandatory detention under 8 U.S.C. § 1231, and that his claims related to his detention under § 1226 are now moot. Dkt. 17 at 4. Respondents further argue that even if petitioner's claims were not moot, the Court lacks jurisdiction to halt the execution of a valid removal order. Dkt. 17 at 4-6.

In reply, petitioner argues that respondents' premise, that the basis of petitioner's detention has shifted from § 1226 to § 1231, has not been established. Dkt. 20. Petitioner notes that in their return, respondents described petitioner as remaining in ongoing proceedings while he appeals his removal order. *Id.* Petitioner further argues that the absence of an ECAS entry does not establish that no timely appeal was filed, as internal filing procedures recognize that filings may be added to the electronic record after they are submitted, that a filing is deemed filed on the date it was submitted, not the date it was entered into ECAS, and that a filing receipt may take up to two weeks. *Id.*

Remarkably, as petitioner also notes (Dkt. 20 at 3), respondents concede that if petitioner has filed a timely appeal that has not yet appeared in ECAS, or if an untimely appeal is accepted by the Board of Immigration Appeals, his detention would be governed by § 1226. Dkt. 20 at 3. Respondents state that if either of these scenarios occurs, a TRO would not be necessary as petitioner's removal order would not be administratively final. *Id.* at n.4.

Thus, respondents acknowledge that they seek to remove petitioner from the United States based on an order of removal that may not be administratively final, and that if it is not

final, the merits of the petition would be squarely before this Court—provided petitioner remains in this District. This is the exact sort of irreparable harm a TRO is designed to prevent.

Time will tell if petitioner has in fact filed a timely appeal (or if the BIA has accepted an untimely filing). But until that time arrives, the Court finds that the risk of irreparable harm strongly favors issuance of a TRO.

The Court further finds that the remaining factors weigh in petitioner's favor: Petitioner is likely to succeed on the merits of his claim that the denial of bond was arbitrary and capricious and therefore a violation of due process. And both the balance of equities and the public interest, which merge when the government is the opposing party, tip in petitioner's favor. "[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citations and internal quotation marks omitted). Without the requested injunctive relief, Petitioner might suffer a constitutional violation without possibility of relief. The comparative harm potentially imposed on Respondents is minimal: the habeas petition is already ripe for review. And a party "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

Accordingly, the Court grants petitioner's motion for a TRO. A court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Nonetheless, the court my "may dispense with the filing of a bond when it concludes there is no realistic

likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)). In this case, in light of the minimal risk of harm to the government of keeping petitioner within the district, the Court determines that security is not required.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion for a TRO to preserve the status quo pending consideration of the merits in this matter. Pending resolution of this action, Respondents, and all their officers, employees, attorneys, and people acting on their behalf or in concert with them are **ENJOINED** from removing Petitioner from the United States and from transferring Petitioner outside the Western District of Washington for purposes of effectuating his removal.

DATED this 18th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge